NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID HAWTHORNE,**
*Plaintiff-Appellant*

**v.**

**SECRETARY OF THE ARMY,**
*Defendant-Appellee*

---

2023-1481

---

Appeal from the United States District Court for the Northern District of Alabama in No. 5:21-cv-01278-LCB, Judge Liles C. Burke.

---

Decided: October 13, 2023

---

DAVID HAWTHORNE, Madison, AL, pro se.

STEPHANIE FLEMING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, STOLL and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

David Hawthorne appeals a decision of the District Court for the Northern District of Alabama dismissing his case for lack of subject matter jurisdiction. We *affirm*.

## BACKGROUND

Mr. Hawthorne was a civilian engineer for the Army at Redstone Arsenal in Huntsville, Alabama. S. Appx. 101. In 2014, Mr. Hawthorne and the Army entered into a negotiated settlement agreement (NSA) related to a formal Equal Employment Opportunity complaint he filed. *Id.* Mr. Hawthorne has filed several other suits in the Northern District of Alabama relating to the NSA, all of which have been dismissed for lack of subject matter jurisdiction. S. Appx. 102. In September 2021, Mr. Hawthorne filed the current suit, seeking rescission of the NSA under various statutes, including the Little Tucker Act, 28 U.S.C. § 1346(a)(2). S. Appx. 709. The district court dismissed Mr. Hawthorne's complaint for lack of subject matter jurisdiction. S. Appx. 101–10. Specifically, the court held, *inter alia*, it lacks jurisdiction under the Little Tucker Act because Mr. Hawthorne's claim is only for equitable relief. S. Appx. 104–06. Mr. Hawthorne appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(2).

## DISCUSSION

Whether a district court has subject matter jurisdiction over an action is a question of law that we review de novo. *De Archibold v. United States*, 499 F.3d 1310, 1313 (Fed. Cir. 2007). The district court has jurisdiction under the Little Tucker Act only for claims for monetary relief "not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2); *Doe v. United States*, 372 F.3d 1308, 1312 (Fed. Cir. 2004). On appeal, Mr. Hawthorne argues the district court has jurisdiction under the Little Tucker Act because he seeks zero

dollars, which is a monetary value less than $10,000.[1] Appellant's Opening Br. at 9; Appellant's Informal Reply Br. at 2. We do not agree.

Mr. Hawthorne did not request any monetary relief in his complaint. S. Appx. 105–06. Even if it had been pled in the complaint, a claim for zero dollars is not a request for monetary relief. Instead, his claim is for rescission of the NSA, which is a claim for equitable relief. S. Appx. 705–06. Because claims for only equitable relief are not available under the Little Tucker Act, the district court correctly determined it does not have subject matter jurisdiction. We therefore affirm the district court's dismissal for lack of jurisdiction.

## AFFIRMED

### COSTS

No costs.

---

[1] Mr. Hawthorne for the first time in his Memorandum in Lieu of Oral Argument appears to contest the district court's determination that it lacked subject matter jurisdiction over Mr. Hawthorne's claims under 28 U.S.C. §§ 1331, 1343; the Declaratory Judgment Act; and the Administrative Procedure Act due to the preclusive effect under res judicata. Appellant's Memorandum at 2. This argument is forfeited because it is untimely. *See SEKRI, Inc. v. United States*, 34 F.4th 1063, 1071 n.9 (Fed. Cir. 2022) (finding an argument that was raised for the first time at oral argument was forfeited).